[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'SCOUNSEL
This Motion to Disqualify defendant's counsel is based upon the claim that the plaintiff intends to call as trial witnesses various members of the law firm of, Willinger, Shepro, Tower and Bucci, P.C. defendant's counsel of record. The plaintiff claims that the continued representation of the defendant by counsel under these circumstances would be a violation of Rule 3.7 of Rules of Professional Conduct which provides as follows; "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to a uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client." Rule 3.7(b) states, "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9". The name or names of counsel to be called as a witness was not identified by the plaintiff either in her motion or in oral argument.
The plaintiff was a tenant since 1986 at 1590 Barnum Avenue, Bridgeport and has failed to receive the return of a $500 security deposit. The suit claims the return of the security deposit, statutory interest and double damages. C.G.S. § 47a-21(d)(2)
In support of the Motion to Disqualify the plaintiff has produced an affidavit from which the court can infer the following facts. In 1986 the premises at 1590 Barnum Avenue, Bridgeport were owned by a third party. On December 28, 1993 the premises in question were sold by the third party to the defendant, Maxine's Management Co. LLC. The defendant was represented at the closing by the law firm of Willinger, Shepro, Tower and Bucci P.C.. A closing statement was prepared. The closing statement shows that there was no adjustment between the buyer and the seller of the property concerning any security deposit of Joyce Ellsworth. The affidavit claims that the attorney's testimony will be about negotiations and circumstances that occurred at or around the closing relating to the adjustment of any security deposit.
The defendant claims that the lawyers are not a necessary witness and that the evidence regarding the adjustments can be obtained by stipulation since it appears from the closing statement that no adjustments were made and thus those are uncontested issues. The defendant further claims that it is entitled to be represented by its counsel of choice and it would be a substantial hardship on the defendant to obtain new counsel since the matter involves a dispute regarding a $500 security deposit. CT Page 2547-Z
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys." Bergeron v. Mackler, 225 Conn. 391, 397 (1993). The Rules of Professional Conduct contain no blanket prohibition for a lawyer representing a client in a case in which he also acts as a witness. Comment to Rule 3.7 states: "Whether the opposing party is likely to suffer prejudice depends upon the nature of the case, the importance and probable tenor of the lawyer's testimony and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client." Connecticut Rules of Court,
1995, p. 345. A trial court has broad discretion to determine whether a lawyer should be disqualified. Bergeron v. Mackler, supra 397. The court must conduct a balancing test. The competing interests must be balanced. "Courts must be solicitous of a client's right freely to choose his counsel, mindful of the fact that a client whose attorney is disqualified must suffer the loss of time and money in finding new counsel and may lose the benefit of its long time counsel's specialized knowledge of its operation." New Science v. Affinity Research,1994 Ct. Sup. 545,547 (January 18, 1994) (Mottolese, J.). It appears that there are three competing interests that must be balanced; 1) The interest in seeing that an advocate does not assume the role of a witness, 2) The defendant's interest in freely choosing counsel of its choice and 3) The public's interest in the scrupulous administration of justice.Gamlestaden v Lindholm, 1994 Ct. Sup. 6274 (June 29, 1994) (Karazin, J.). Wellner v. Carroll, SNBR-404 (January 6, 1995), 1 Conn. Ops. 234 (February 27, 1995) (Tierney, J.).
The plaintiff cites the case Fredericks v. Fortan, 1 Conn. Ops. 93 (January 30, 1995) (Hadden, J.). for the authority that an attorney who attends a closing is a necessary witness and evidence deduced by that attorney's testimony is a contested issue. In Fredericks, the issue involved a dispute between the plaintiff as buyer and the defendant as seller both of whom who were represented by one counsel at the closing of a sale of stock of in a corporation including inventory, fixtures, assets, leasehold interests and good will. The disputed areas in the resulting lawsuit was whether or not certain oral statements were made at the closing by the parties to the agreement or by the closing attorney concerning various financial documents. The failure of the defendant to produce various financial documents was among the various claims made in the complaint by the plaintiff. It is clear from theFredericks case that Attorney Sherwood's testimony would be that of a necessary witness and involved contested issues. CT Page 2547-AA
In the instance case the plaintiff was not a party to the closing. Routine adjustments took place at the real estate closing in which the plaintiff was not involved. The closing statement indicated that there was no security deposit for the plaintiff exchanged between the seller and defendant purchaser. It appears that other witnesses such as the seller's attorneys, the sellers themselves or the plaintiff's themselves would be able to testify as to these matters. In any event it appears that the fact that the closing statement does not contain an adjustment for security deposit is essentially uncontested.
Therefore the court finds that the testimony members of the law firm of Willinger, Shepro, Tower Bucci is not necessary to the trial of the above entitled case. The defendant's closing attorneys are not necessary witnesses. Any testimony regarding the closing statement. and/or the adjustments or nonadjustments made for the $500 security deposit is essentially an uncontested issue. The court further finds that the defendant has the right to freely choose counsel of its choice. Counsel has represented the defendant in the purchase of the premises and the defendant is entitled to have the continuing benefit of their attorney to represent them in other matters involving the same real property.
Considering the court's discretion, Rule 3.7(a) of the Rules of Professional Conduct and holding of Bergeron v. Mackler, the court balances the factors in favor of the defendant. The Motion to Disqualify Counsel is denied. State v. Bunkley, 202 Conn. 629, 652
(1987). Bergeron v. Mackler, supra 378.
BY THE COURT,
KEVIN TIERNEY, JUDGE